UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLAN MOORE, | Case No. 2:24-cv-01016-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| DAMIEN SHEETS, ESQ., *et al.*, | |
| Defendants. | |

This action began with a pro se civil-rights complaint and an application to proceed *in forma pauperis* filed by then state prisoner Allan Moore. (ECF Nos. 1-1, 1). On December 5, 2024, the Court ordered Moore to file his updated address by January 6, 2025, noting that he had been released from custody. (ECF No. 5). That deadline expired without an updated address or other response from Moore.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Moore's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the ability for the Court and the defendants to send Moore case-related documents, filings, and orders, and litigation cannot progress without Moore's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Moore is low, so issuing a second order will only delay the inevitable and squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

Therefore, **IT IS HEREBY ORDERED** that this action is dismissed without prejudice based on the plaintiff's failure to file an updated address in compliance with this Court's order. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff is required to explain what circumstances delayed compliance with the requirement to update his address. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* and motions for various relief (ECF Nos. 1, 2, 3, 4) are denied as moot.

**DATED:** January 22, 2025

**RICHARD F. BOULWARE, II**  
**UNITED STATES DISTRICT JUDGE**